RECEIVED
FEB - 2 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SHELLY COURINGTON | CIVIL ACTION NO. 2:17-00771 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WAL-MART LOUISIANA LLC | MAG. JUDGE KATHLEEN KAY |

## MEMORANDUM RULING

Before the court is "Wal-Mart Louisiana, LLC's Motion for Summary Judgment" (R. #12) wherein Defendant, Wal-Mart, moves for summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL STATEMENT

In her Complaint, Plaintiff, Shelly Courington, alleges that she slipped and fell on an ice cube in Wal-Mart resulting in serious personal injuries.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy

---

[1] R. #1-2.
[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

1

this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[10]

## **LAW AND ANALYSIS**

In this slip and fall case, Wal-Mart maintains that there is no evidence to create a genuine issue of material fact for trial that (1) Wal-Mart created or caused the ice to be on the floor; (2) Wal-Mart knew that the ice was on the floor prior to the accident; (3) the ice was on the floor for a period of time prior to the accident; and that (4) Wal-Mart failed to exercise reasonable care.

On or about April 29, 2016, after checking out her groceries, Plaintiff slipped and fell on a piece of ice in front of the restrooms; Plaintiff was with Patrick Dick and they both

---

[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.
[10] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

agreed that the ice was still intact at the time of the accident.[11] Mr. Dick testified in his deposition that "[i]t couldn't have been there very long because it was still good-sized cubes of ice."[12] Defendant has submitted as summary judgment evidence a video surveillance which reveals that the accident occurred at 4:45 p.m., however, there is no indication as to how or when the ice got on the floor.[13]

In opposition to Defendant's motion for summary judgment, Plaintiff remarks that the accident occurred near an ice cooler at the front of the store.[14] Plaintiff maintains that the ice was present on the floor long enough to have melted and cause water to be on the floor at the time of the fall.[15] In her deposition, Plaintiff testified as follows:

A. I just saw ice, and then there was water, so I knew it had to melt. You know, it had been there long enough for some of the ice to melt. That's all I know.

Q. But there was definitely still some pieces of ice there –

A. Yes.

Plaintiff concedes that there is no direct evidence of where the ice and water came from, but relies on the video surveillance to show that the ice and water had come from an ice cooler near the accident scene. Plaintiff argues that Defendant is liable for failing to maintain a non-slip mat in accordance with its policy, in front of the ice machine at the time of the accident.

---

[11] Defendant's exhibit A, Shelly Courington depo. pp. 52-53, 58; Defendant's exhibit B, Patrick Dick depo. p. 9.
[12] Id.
[13] Defendant's exhibit C, Video Surveillance.
[14] Plaintiff's exhibit B, Video Surveillance.
[15] Plaintiff's exhibit A, Shelly Courington depo., p. 58, lns. 7 – 10.

3

Louisiana Revised Statute 9:2800.6 governs slip-and-fall accidents in merchant retail stores and is as follows:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions
>
>> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>>
>> (2) "Merchant" means one whose business is to sell goods, food, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant

> includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
>
> D. Nothing herein shall affect any liability which a merchant may have under Civil Code arts. 660, 667, 669, 2317, 2322 or 2695.

Plaintiff must prove:

> 1. The condition presented an unreasonable risk of harm and that risk was reasonably foreseeable;
>
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and
>
> 3. The merchant failed to exercise reasonable care.[16]

A plaintiff's failure to prove any of these elements is fatal to her claim.[17] Courts will not infer constructive notice; the claimant must make a positive showing of the existence of the condition prior to the fall and that it existed for some period of time.[18]

In <u>White v. Wal-Mart Stores, Inc.</u>, a two-prong analysis requires Plaintiff to (1) "come forward with positive evidence showing that the damage causing condition existed for some period of time," and (2) show "that such time was sufficient to place the merchant defendant on notice of its existence."[19]

Plaintiff remarks that during the one hour video surveillance of the accident scene, there is no evidence of any customer spilling ice and/or water from a cup, beverage, bottle, or other container. Thus, she argues that the only reasonable and plausible

---

[16] Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 897 (La.App. 2d Cir. 6/25/03).
[17] Id.
[18] White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 9/9/97).
[19] 699 So.2d 1081, 1082 (La. 9/9/97).

5

explanation for the presence of the ice and water is that they came from the nearby ice cooler. Plaintiff directs the court to the video surveillance at 4:39.41 p.m. which shows a customer open the door of the ice cooler and grab a bag of ice. Plaintiff fell approximately six (6) minutes later. Thus, Plaintiff argues that a trier of fact could reasonably conclude that the ice fell from the ice bag or the ice cooler, and some of the ice melted in the period that followed.

Plaintiff also argues that because Wal-Mart failed to follow its own floor mat policy—to maintain a mat in front of the ice cooler—there is an inference that the merchant failed to use reasonable care and is liable under La. R.S. 9:2800.6.[20]

Defendant maintains that Plaintiff is merely speculating and there is no evidence to show that this particular customer dropped ice on the floor. The court has reviewed the video surveillance and it does not show that this customer dropped any ice on the floor and the path the customer walked carrying the bag of ice is several feet from the actual place where Plaintiff fell. Defendant further argues that even if the customer had been responsible for dropping the ice, it would have completely melted within the 6 minute time period from which the ice was allegedly dropped and when Plaintiff slipped.

Defendant further maintains that this six minute time period, which it argues is pure speculation, is legally insufficient to impose constructive notice on a merchant. [21]

---

[20] Citing Barton v. Wal-Mart Stores, 704 So.2d 361 (La.App. 3 Cir. 1997).
[21] Citing Delahoussaye v. Delchamps, Inc., 693 So.2d 870 (La.App. 3 Cir. 4/30/97)(five minutes insufficient lapse of time to impose constructive notice); Williams v. Rouse's Enterprises, Inc. 693 So.2d 1298, 1300 (La.App. 1 Cir. 5/5/97)(six minutes insufficient lapse of time to impose constructive notice); Nash v. Rouse's Enterprises, LLC, 191 So.3d 599 (La.App. 1 Cir.2/26/16) (period of up to ten minutes insufficient to impose constructive notice: "At most, Rouse's evidence shows there was about a 10-minute timeframe within which the rice could have been on the floor. Mr. Nash has produced no positive evidence to prove that the rice was on the floor any period of time, much less that it was there such time as was sufficient to place Rouse's on notice of its existence or that Rouse's failure

The court finds that Plaintiff has failed to submit summary judgment evidence to satisfy the strict temporal requirement of Louisiana Revised Statute 9:2800.6. The surveillance video does not reveal that the customer dropped the ice on the floor, and there has been no other evidence submitted to create a genuine issue of material fact for trial as to the temporal requirement. For this court to find that the customer in the video surveillance dropped the ice on the floor would indeed be pure speculation since the video does not reveal that. Furthermore, even if the court did make such speculation, six minutes is not sufficient to put the Defendant on notice, thus, again Plaintiff cannot is establish the temporal element and/or that Defendant had constructive notice which is fatal to her claim.

Based upon the testimony and a review of the video, the court finds that the absence of a floor mat in front of the ice cooler is a non-issue in this case. The customer who may have spilled the ice did not travel with the ice pass over the area where the Plaintiff fell. The Plaintiff did not fall where the floor mat would have been located if it had been in place in time. The absence of a floor mat in front of the ice cooler had no more relevance to this case than if a customer in the dairy department had spilled a quart of milk which had been allowed to remain on the floor for two hours. Under those circumstances, the lack of spatial proximity would render the spilled milk irrelevant to this case, just as the absence of a floor mat in front of the cooler is likewise irrelevant.

---

to detect the rice within that short timeframe was a lack of "reasonable care"); Robison v. Wal-Mart Stores, Inc., 2016 WL 5210711 (W.D. La. Sept. 15, 2016)("even if it were able to determine that the video evidence showed water on the floor for a period of 16 minutes, such a period of time is not sufficient to impose constructive notice on Wal-Mart.").

## CONCLUSION

For the reasons set forth herein above, the motion for summary judgment will be **GRANTED** dismissing with prejudice Plaintiff's claims against Defendant.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 2nd day of February, 2018.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE